IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>16 MOUNTS, RUGS AND HORNS PROTECTED BY THE ENDANGERED SPECIES ACT, *et al.*,<br><br>Defendants,<br><br>and<br><br>EUGENE FERRI<br><br>Claimant. | No. 13-CV-545-MV-KBM |

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment and Order Forfeiting 63 Mounts and Carcasses and One Nene Goose Mount and Memorandum Brief in Support [Doc. 22]. The Court, having considered the Motion, brief, declarations, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and therefore will be **GRANTED.**

### BACKGROUND

The pertinent facts of this admittedly bizarre case are briefly summarized. In March 2011, the Doña Ana County Deputy Sheriff's Office investigated the Claimant, Eugene "Gino" Ferri, in connection with a triple homicide. Doc. 1 ¶ 6. Although not pellucidly clear from the documents before the Court, it appears that Ferri had been embroiled in an ongoing civil dispute

1

with his three victims regarding a debt that he owed them and that he had concealed from them a significant portion of his assets.  *Id.*  As part of the murder investigation, the Doña Ana County Deputy Sheriff's Office executed a search warrant on a storage unit leased in Ferri's name.  Doc. 22 at 4.  Apparently, included among the items that the police found in this shed "was a collection of wildlife mounts valued at $1.25 million."  Doc. 1 ¶ 6.  Presumably perplexed by the presence of such a prodigious assemblage of taxidermied animals, the sheriff's office "transferred custody of the Subject Property and other items to the U.S. Fish and Wildlife Service/Office of Law Enforcement (USFWS/OLE)."  Doc. 22 at 4.  After careful inspection, including "macroscopic comparison to descriptions and photographs found in various sources of literature, such as field identification manuals," Special Agent Roper of the USFWS determined that sixty-four[1] of the carcasses pertained to species of birds protected by the Migratory Bird Treaty Act ("MBTA" or the "Act").  *Id.* at 5.  As might be expected given the circumstances, Ferri had not obtained the permits required to possess these specimens legally; consequently, the government brought the instant forfeiture action and now moves the Court for summary judgment.

## DISCUSSION

I.  **Local Rule 7.1(a)**

The government's Motion explains that because the Claimant is incarcerated his concurrence was not sought pursuant to Local Rule 7.1(a).  *See* Doc. 22 at 2.  This statement does not correctly describe the law.  Local Rule 7.1(a) provides for a limited exception in "*pro se*

---

[1] The United States does not currently believe that it has sufficient evidence to pursue forfeiture under the Endangered Species Act of those sixteen articles enumerated in its Complaint and so has moved this Court for dismissal of its suit as to those items.  *See generally* Docs. 25, 28.  However, one particularly protected species, the nēnē or Hawaiian goose (*Branta sandvicensis*), is covered both by the MBTA and Endangered Species Act and, therefore, has been appended to the original catalogue of sixty-three avians.

inmate cases" to the general rule requiring a movant to make, and recite, a "good-faith request for concurrence" before filing a motion with the Court. D.N.M.LR-Civ.7.1(a). The "inmate cases" clause refers to civil suits brought by the incarcerated regarding their confinement, including those pursuant to Section 1983, not *all* suits in which one party is in custody. Even so, because dismissal for failure to comply with this rule is discretionary, the Court will excuse the misapprehension and proceed to the merits of the Motion. *See id.* ("a motion that omits recitation of a good-faith request for concurrence *may be* summarily denied.") (emphasis added).

### II.   Motion for Summary Judgment

Although Ferri has not opposed the government's Motion, the Court may not merely presume that the Claimant has acceded to the Motion and enter an order granting the relief requested. *Contra* D.N.M.LR-Civ.7.1(b). Instead, because the Court is presented with a dispositive motion, it must evaluate the merits of the movant's arguments before rendering a decision. *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). However, because Ferri has not contested any of the facts in the government's brief, the Court will assume each of these facts to be true for the purposes of resolving this Motion. *See, e.g.*, *Solis v. Supporting Hands*, No. CIV 11–0406 JB/KBM, 2013 WL 1897822, at *1 (D.N.M. Apr. 30, 2013) ("because the [*pro se*] Defendants have not filed a timely written response contesting any of the paragraphs in the Plaintiff's statement of the undisputed facts, the Court may take the facts as the Plaintiff has stated them.").

In every other respect, the Court confronts an ordinary Rule 56 motion. Hence, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For these purposes, an issue "is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way, and a fact is material if under the substantive law it is essential to the proper disposition of the claim." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) (internal quotation marks omitted). Thus, "a mere factual dispute need not preclude summary judgment." *Sapone v. Grand Targhee, Inc.*, 308 F.3d 1096, 1100 (10th Cir. 2002). In the instant case, because the material facts are uncontested, the sole issue is whether the facts adduced entitle the Plaintiff to judgment as a matter of law.

### III. The Migratory Bird Treaty Act

The Migratory Bird Treaty Act, 16 U.S.C. §§ 703, *et seq.*, imposes significant restrictions on virtually all human conduct with respect to "any migratory bird, any part, nest, or egg of any such bird … included in the terms of" various international treaties to which the United States is a signatory. As is relevant here, the statute expressly provides that:

> All birds, or parts, nests, or eggs thereof, captured, killed, taken, sold or offered for sale, bartered or offered for barter, purchased, shipped, transported, carried, imported, exported, *or possessed* contrary to the provisions of this subchapter or of any regulation prescribed thereunder shall, when found, be seized and, upon conviction of the offender or upon judgment of a court of the United States that the same were captured, killed, taken, sold or offered for sale, bartered or offered for barter, purchased, shipped, transported, carried, imported, exported, *or possessed* contrary to the provisions of this subchapter or of any regulation prescribed thereunder, shall be forfeited to the United States and disposed of by the Secretary of the Interior in such manner as he deems appropriate.

16 U.S.C. § 706 (emphasis added). Phrased succinctly, the statute demands that the Court order the forfeiture of each of the sixty-four bird carcasses at issue here if it judges that the specimen in question is protected by the MBTA.

The undisputed facts before the Court leave no room for doubt. Special Agent Roper of the USFWS has identified the sixty-four items of Subject Property as belonging to twenty-three distinct species of bird. *See* Doc. 22 at 5-6. Each of these species is protected by the MBTA. *See* 50 CFR § 10.13; 16 U.S.C. § 712(2). Ferri has never applied for, nor received, any permit to possess birds covered by the Act. Doc. 22 at 6. Therefore, by the plain terms of Section 706, each of the sixty-four articles remaining in this suit is subject to forfeiture and the United States is entitled to judgment as a matter of law. The Court need not address either the burden of proof in forfeiture cases or the innocent owner defense; the facts here are undisputed and the Claimant has raised no such defense.

## CONCLUSION

Claimant Ferri possessed these sixty-four migratory bird carcasses and mounts without permission from the United States Fish and Wildlife Service. Consequently, all sixty-four items are subject to forfeiture under the Migratory Bird Treaty Act.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment and Order Forfeiting 63 Mounts and Carcasses and One Nene Goose Mount and Memorandum Brief in Support [Doc. 22] is **GRANTED.**

Dated this 10th day of April, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE